## COMMONWEALTH *vs.* FREDERICK SOWLE & others.

An indictment on Rev. Sts. c. 126, § 39, which avers that the defendant did wilfully and maliciously kill a horse of another person, is sufficient, without more particularly setting forth the means or mode of killing.

INDICTMENT on Rev. Sts. *c.* 126, § 39, alleging that the defendants at Freetown on the 31st of August 1856, "with force and arms, a certain horse, of the value of twenty five dollars, of the property of one Joseph Wilbur, then and there wilfully and maliciously did kill, against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided."

The defendants, being convicted in the court of common pleas, moved in arrest of judgment, that the indictment contained no sufficient allegation of the manner, mode or process of committing the offence. *Sanger*, J. overruled the motion, and the defendants alleged exceptions.

*J. C. Blaisdell*, for the defendant. The mode, manner and means by which the killing was accomplished ought to have been more fully set out. 3 Chit. Crim. Law, 1088. *State* v. *Aydelott*, 7 Blackf. 157. *Commonwealth* v. *Moore*, 11 Cush. 603. *Kit* v. *State*, 11 Humph. 167. *State* v. *Raines*, 3 McCord, 533. *Commonwealth* v. *Thurlow*, 24 Pick. 374. It is not sufficient to allege merely that the act was done "wilfully and maliciously," in the words of the statute. *State* v. *Jackson*, 12 Ired. 329. *Commonwealth* v. *Walden*, 3 Cush. 558. Archb. Crim. Pl. (10th ed.) 50. Whart. Crim. Law, 133. To support the indictment, the government must prove that the act was done either from malice to the owner, or from a spirit of wanton cruelty or wicked revenge. *The King* v. *Pearce*, 1 Leach, (4th ed.) 527, and 2 East P. C. 1072. *The King* v. *Shepherd*, 1 Leach, 539, and 2 East P. C. 1073. *Commonwealth* v. *Walden*, 3 Cush. 558. *State* v. *Latham*, 13 Ired. 33. If necessary to prove it, it must be alleged. *The State* v. *Philbrick*, 31 Maine, 401. *Commonwealth* v. *Moore*, 11 Cush. 603. Whart. Crim. Law, 117.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

METCALF, J.   The Rev. Sts. *c.* 126, § 39, prescribe a punishment for " every person who shall wilfully and maliciously kill, maim or disfigure any horses, cattle or other beasts of another person."   The offence thus made punishable was previously described in nearly the same words, by *St.* 1804, *c.* 131, § 4, and by the English Sts. 22 & 23 Car. 2, *c.* 7, and 9 Geo. 1, *c.* 22.   And this indictment alleges that the defendants did wilfully and maliciously kill a horse of another person named.   Is this a sufficient averment of the statute offence; or should " the manner, mode or process " of killing have been set forth, as is contended by the defendants' counsel ?

The court are of opinion that the indictment is sufficient.   It is in the form that is found in English books which are deemed safe precedents.   Crown Circ. Comp. (7th ed.) 218.   2 Stark. Crim. Pl. (2d ed.) 579.   3 Chit. Crim. Law, 1086, 1087.   Archb. Crim. Pl. (13th ed.) 451, and in the previous editions.   In *Rex* v. *Chalkley,* Russ. & Ry. 258, this form was not objected to, although other questions in the case were carried before all the judges.

American books of forms contain indictments like this ; that is, setting forth the offence in the words of the statutes on which they are framed, without any description of the manner of killing.   And indictments at common law, for the wilful and malicious killing of beasts, have been drawn in the same manner.   Both have been sustained.   *State* v. *Scott,* 2 Dev. & Bat. 35.   *Taylor* v. *State,* 6 Humph. 285.

Under *St.* 9 Geo. 1, *c.* 22, a conviction was held to be right, on an indictment which alleged that the defendant feloniously, maliciously, &c. did maim and wound two asses, the property of a third person; the manner of maiming and wounding not being stated.   *Rex* v. *Whitney,* 1 Moody, 3.   See also Crown Circ. Comp. 219, 220 ; *Rex* v. *Briggs,* 1 Moody, 318 ; *Erle's case,* 2 Lewin, 133.   *Motion in arrest of judgment overruled.*